935 F.2d 280
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael S. SHAFER, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3063.
 United States Court of Appeals, Federal Circuit.
 May 7, 1991.
Rehearing Denied June 5, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Michael S. Shafer appeals from the October 11, 1990 Order of the Merit Systems Protection Board (Board), which dismissed Shafer's petition for review of the July 6, 1988 Initial Decision of the Administrative Judge (AJ) in Docket No. AT07528810292 as untimely, and affirmed the August 3, 1989 Initial Decision of the AJ in Docket No. AT075288C0292. We affirm.
 
 OPINION
 
 2
 With respect to Docket No. AT075288C0292, the Board held that Shafer failed to prove that the agency violated the settlement agreement (agreement). Shafer's primary arguments on appeal are that (1) the Board erred in finding that the agreement did not require the agency to reinstate Shafer upon proof of his satisfying the rehabilitation requirements of paragraph 2 of the agreement, and (2) the Board erred in finding that the agency timely corrected its Personnel Data Systems-Civilian (PDS-C) file to indicate that Shafer "resigned for personal reasons."
 
 
 3
 As to the first argument, we agree that the agreement is clear on its face and that it did not require the agency to rehire Shafer. Paragraph 2 merely states that Shafer "may apply directly to [the agency's] appointing official for reemployment" (emphasis added). Paragraph 5 sets forth Shafer's right to reemployment, specifically that he "shall have the normal reinstatement rights, of any separated career employee." Under 5 CFR 315.401, an agency may reinstate a separated career employee. Thus, Shafer's arguments notwithstanding, the clear interpretation of the agreement is that the agency was not required to reinstate Shafer.
 
 
 4
 As to the second argument, we note that the agency appears to have changed Shafer's employment status prior to when it was required to under the agreement. As the Board correctly found, paragraph 2 of the agreement did not require the agency to change Shafer's status until after Shafer submitted evidence of rehabilitation and an application for reemployment. However, the record shows that the corrected SF 50 showing "resigned" was processed on November 2, 1988, even though the agency did not receive Shafer's application for reemployment until December 22, 1988. The PDS-C was corrected to show resignation by Shafer on January 10, 1989.
 
 
 5
 The portion of the agreement relevant to the PDS-C reads as follows:
 
 
 6
 4. Once Appellant's employment status is changed from "removal" to "resigned for personal reasons," Eglin agrees it will remove from Appellant's Official Personal File (SF 66) (OPF) the existing SF 52 and SF 50 and give same to Appellant. A new SF 52 will then be processed which will read "resigned for personal reasons".... Thereafter, within 30 days the original of the new SF 50 will be given to Appellant and a copy will remain in his OPF. Also, the Agency's history file in the [PDS-C] ... will be corrected to show "resigned for personal reasons."
 
 
 7
 The above language is somewhat ambiguous. The word "Also" in the last sentence quoted above can be read so as to relate back to the sentence immediately above it, in which case correction of the PDS-C must take place within 30 days of the agency's processing the new SF 52, or to the first sentence of the paragraph, in which case correction must merely take place sometime after Shafer's employment status is changed.[1]
 
 
 8
 However, under either interpretation, we agree with the Board that the time taken to correct the PDS-C, even if constituting a technical breach of the agreement, was not a material breach. Substantial evidence supports the Board's finding that the PDS-C is not made available to selecting officials. Thus, Shafer was not harmed by its not being corrected until January 10, 1989.
 
 
 9
 We have reviewed the remainder of Shafer's arguments, but find them unpersuasive.
 
 
 10
 With respect to Docket No. AT07528810292, the essence of Shafer's argument appears to be that his delay in appealing to the Board was reasonable because he, being under the misapprehension that the agreement provided for his automatic reinstatement upon his submission of an application and evidence of rehabilitation, had no reason to challenge the settlement agreement until after the agency denied his application for reemployment. Without deciding whether such an excuse could be found sufficient under other circumstances, we hold that, at the very least, such an excuse is satisfactory only if the misapprehension was reasonable. As noted above, the agreement clearly states that the agency was not required to rehire Shafer. Shafer's belief to the contrary was not reasonable.
 
 
 
 [1]
 Absent a specific time requirement, the agency is, of course, required to correct the PDS-C within a reasonable time